Judge:          Hon. Marc Barecca
Chapter:        Chapter 7
Hearing Date:   September 10, 2010
Hearing Time:   9:30 a.m.
Hearing Site:   700 Stewart Street #7106
                Seattle, WA 98101
Response Date:  September 3, 2010

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>DAVID M. FRANCO<br><br><br>Debtor. | Chapter 7<br><br>Case No. 05-30330<br><br>NOTICE OF HEARING ON AND TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF DEBTOR'S 14% INTEREST IN REAL PROPERTY FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES PURSUANT TO §363 OF THE BANKRUPTCY CODE |

**TO:    ALL CREDITORS LISTED ON THE MAILING MATRIX**

**PLEASE TAKE NOTICE** that a hearing on the Trustee's Motion for Order Authorizing Sale of the Debtor's 14% Interest in Real Property Free and Clear of Liens, Interests and Encumbrances Pursuant to Section 363 of the Bankruptcy Code will be heard on the 10th day of September, 2010 before Judge Marc Barecca, U.S. Courthouse, 700 Stewart Street, #7106, Seattle, WA 98101 at 9:30 a.m. and the Clerk is requested to note the same for the motion docket on that date.

**MOTION TO SELL DEBTOR'S INTEREST IN REAL PROPERTY**

1.      David M. Franco filed a voluntary chapter 7 bankruptcy petition on October 1, 2005 ("Petition Date"). The case was converted to a Chapter 13 on January 20, 2006 ("Conversion Date"). The case was reconverted to a Chapter 7 on March 7, 2008 ("Re-Conversion Date").

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF DEBTOR'S 14% INTEREST IN COMMERCIAL
PROPERTY FREE AND CLEAR OF LIENS
Page 1

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

2.    The debtor's schedules list as an asset a 14% interest in a piece of commercial real property located at 8264 Sunset Blvd, W. Hollywood, California ("Commercial Property").   The debtor valued his interest in the Commercial Property at $112,00.00 as of 2005.

3.    As of the Petition Date there was  restaurant which was the tenant in the Commercial Property, the Empress Restaurant.  The debtor's 14% interest netted him a monthly check of $1,680.00.

4.    After the Reconversion Date the debtor died. A probate estate was opened and remains opened as of this date.  The Trustee has not read the will and does not know who the beneficiaries of the debtor's probate estate are.   All excess proceeds after payment of the Debtor's creditors of this bankruptcy estate would be paid to the probate estate.

5.    It appears that the debtor's interest in the Commercial Property is a fractional interest obtained by the debtor through inheritance.   The Trustee has requested and has never received any agreements relating to duties and responsibilities of the various fractional interest owners.  It appears there are no written agreements that exist in relation to the Commercial Property, how decisions are to be made and disputes resolved.   The Commercial Property is owned by family members who while related, are not necessarily on the same page and do not necessarily like each other,  and thus there is not generally agreement as to how the Commercial Property should be dealt with. See Declaration of Catherine Hanan filed simultaneously herewith.

6.    After the Conversion Date the debtor proposed a plan pursuant to which the monthly check the debtor received for his 14% interest was to be used to fund the plan. The plan was confirmed.  The debtor only made a few payments to the Chapter 13

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF DEBTOR'S 14% INTEREST IN COMMERCIAL
PROPERTY FREE AND CLEAR OF LIENS
Page 2

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

trustee and instead allegedly used his monthly check to help support a family member (docket #57).

7.     After the Re-Conversion Date the trustee received sporadic payments from the tenant.  He received a total of 13 payments of $1,680.00, but should have received more but was told the manager could not make the payment to the debtor due to the economic circumstances.  Moewes Declaration, Exhibit "1".

8.     The Trustee was in contact with Abdul Pasta, who was the person in charge of sending the debtor's payments to the trustee.  He was advised that they were having severe problems in the restaurant due to the economic downturn.   Ultimately the restaurant ceased to operate and  filed a voluntary chapter 7 bankruptcy petition in California.  The Trustee is informed that the Commercial Property  is currently vacant and the parties are trying to find a viable tenant to occupy the space.  This has proven difficult due to general economic issues in the commercial sector.    The owners moved for relief from stay to evict the tenant in the pending bankruptcy proceeding.  The tenant opposed the motion for relief from stay to allow the landlords to move forward with the eviction.  The relief from stay motion was granted.  Hanan Declaration, Exhibit "1".   An unlawful detainer action was completed in California State Court. Hanan Declaration, Exhibit "2".

9.     There are no potential tenants in discussions with the owners to rent the Commercial Property.   Further, the Trustee is informed that there is quite a lot of damage to the Commercial Property from the prior tenants and that damage is going to have to be repaired before the Commercial Property will be available for renting.   Hanan Declaration.

10.     The Trustee asked real estate agent Rik Jones to give him a desk appraisal of the Commercial Property.  Mr. Jones contacted Steve Lampe, a real estate

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF DEBTOR'S 14% INTEREST IN COMMERCIAL
PROPERTY FREE AND CLEAR OF LIENS
Page 3

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

agent in Los Angeles, and asked him to conduct a drive-by of the Commercial Property and provide him with a valuation.    He was advised that the Commercial Property could have a fair market value of $2,0000,000 if it was sold to an owner user who bought the building   and operated a restaurant inside.   Mr. Lampe did not have access to the Commercial Property and only conducted a visual inspection of the outside of the building.

      11.     The debtor has a minority interest in the Commercial Property.   The Trustee contacted his accountant, Michael Quackenbush,  and asked him about valuing a minority interest.  Quackenbush indicated that in valuing a minority interest in an entity with a sound infrastructure the value of the minority interest is decreased by 40% for a minority interest and marketability issues.   Mr.  Quackenbush further indicated it would be virtually impossible to place a value on an asset as  unwieldy as this one since there are absolutely no written agreements that govern decision-making and dispute resolution in relation to the Commercial Property.    Mr. Quackenbush's opinion was that the asset should be offered to all of the co-owners and the fair market value would be determined by  whoever  was  willing  to  pay  the  highest  price.    See  Declaration  of  Michael Quackenbush filed simultaneously herewith.

      12.     The Trustee has received an offer to purchase the debtor's 14% interest in the Commercial Property for a price of $60,100.00 from Catherine Hanan.    Ms. Hanan is a relative of the debtor's.  Catherine Hanan owns a 12.605% interest in the Commercial Property.  Hanan Declaration.

      13.     Rita Peha is allegedly the sister of the debtor.  She is represented by Larry Feinstein in this bankruptcy proceeding.   Ms. Peha has indicated on several occasions that she was going to make an offer to acquire the debtor's 14% interest in the Commercial Property, but as of this date no offer has been received from Ms. Peha.

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF DEBTOR'S 14% INTEREST IN COMMERCIAL
PROPERTY FREE AND CLEAR OF LIENS
Page 4

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

14.     The Trustee moves this Court for an Order Authorizing Sale of the the debtor's 14% interest in the Commercial Property for a price of $60,100.00, or any higher all cash offer the Trustee receives.

15.     The Trustee seeks an order authorizing the sale of the Commercial Property free and clear of liens, interests and encumbrances pursuant to §363(f) of the Bankruptcy Code.

16.     To the best of the trustee's knowledge there are no liens, interests or encumbrances against the intellectual property.

17.     The sale will be AS IS, WHERE IS with no warranties of any kind, either express or implied by the Trustee, his attorneys, or any other person.

18.     The Trustee also requests authority to execute all documents necessary to effectuate such sale.

19.     The Trustee is sending a copy of this pleading to all co-owners and a cover letter indicating that if any party would like to acquire the debtor's 14% interest for a higher price they should submit a written offer to the Trustee.  Declaration of Denice Moewes.

WHEREFORE, the Trustee seeks authority to sell the debtor's 14% interest in the Commercial Property free and clear of any liens interests and encumbrances, upon the terms and conditions set forth above.

## OBJECTIONS

If you do not want the Court to grant the relief requested in the Trustee's Motion, or if you want the Court to consider your view on the Trustee's Motion then on or before Friday, September 3, 2010 you or your attorney must do the following:

File with the Court a written response to the Trustee's Motion explaining your position.  The response must be filed at the United States Bankruptcy Court for the

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF DEBTOR'S 14% INTEREST IN COMMERCIAL
PROPERTY FREE AND CLEAR OF LIENS
Page 5

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Western District of Washington at Seattle, 700 Stewart Street, #6301, Seattle, Washington, 98101, a copy served on the chambers of Judge Marc Barecca, 700 Stewart Street, #7106, Seattle, Washington 98101, and a copy served on the undersigned.

If you mail your response you must mail it early enough so that the Court and the undersigned will receive it on or before the date stated above.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Trustee's Motion and may enter an order granting that relief. Failure to comply with local rules may be deemed by the Court as a waiver of all objections.

Further information regarding the Trustee's Motion may be obtained by telephoning Denice Moewes, Wood & Jones, P.S., at (206) 623-4382.

DATED this 17th day of August 2010.

WOOD & JONES, P.S.

*/s/ Denice E. Moewes*
Denice Moewes, WSB#19464
Attorney for Chapter 7 Trustee
Ronald G. Brown

NOTICE OF HEARING ON AND TRUSTEE'S
MOTION FOR ORDER AUTHORIZING SALE
OF DEBTOR'S 14% INTEREST IN COMMERCIAL
PROPERTY FREE AND CLEAR OF LIENS
Page 6

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

| | |
|---|---|
| Judge: | Hon. Marc Barecca |
| Chapter: | Chapter 7 |
| Hearing Date: | September 10, 2010 |
| Hearing Time: | 9:30 a.m. |
| Hearing Site: | 700 Stewart St., #7106 |
| | Seattle, WA 98101 |

## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

DAVID FRANCO,

           Debtor.

Case No. 05-30330

ORDER AUTHORIZING SALE OF THE DEBTOR'S 14% INTEREST IN REAL PROPERTY FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

      THIS MATTER having come before Judge Marc Barecca on the Trustee's Motion for Order Authorizing Sale of the Debtor's 14% Interest in Real Property Personal Property Free and Clear of Liens, Interest and Encumbrances ("Trustee's Motion"); the Court finding that notice of the Trustee's Motion was timely given to all creditors listed on the mailing matrix as evidenced by the Declaration of Mailing filed with the Court, and finding that the notice was reasonably, adequate and timely and thus was in compliance with the Bankruptcy Code and Rules the Court having considered any objections filed to the Trustee's Motion and having reviewed the files herein, and deeming itself fully informed in the matter, now, therefore it hereby is

      ORDERED ADJUDGED AND DECREED that the Trustee is authorized to sell the Debtor's 14% interest in real property ("Property") upon the terms and conditions set forth in the Trustee's Motion; and it is further

      ORDERED ADJUDGED AND DECREED that pursuant to §363 of the Bankruptcy Code the sale is free and clear of any and all liens, interests and encumbrances with all liens interests and encumbrances to attach to the sales proceeds as though they were the Property; and it is further

ORDER AUTHORIZING SALE OF PROPERTY
FREE AND CLEAR OF LIENS, INTEREST
AND ENCUMBRANCES
Page 1

**Wood Jones, P.S.**

Seattle WA 98103
(206) 623-4382

303 N. 67th Stree

1      ORDERED ADJUDGED AND DECREED that the Trustee, Ronald G. Brown, be

2  and hereby is authorized to execute all documents necessary to effectuate the sale of

3  the Property.

4      Dated this _____ day of September, 2010.

5

6                                              _____
                                               JUDGE  MARC BARRECA
7                                              United States Bankruptcy Court

8  Presented by
   Wood & Jones, P.S.
9
   */s/ Denice E. Moewes*
10 Denice Moewes, WSB#19464
   Attorney for Trustee
11 Ronald G. Brown

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29
   ORDER AUTHORIZING SALE OF PROPERTY              **Wood Jones, P.S.**
   FREE AND CLEAR OF LIENS, INTEREST                                                    303 N. 67th Stree
   AND ENCUMBRANCES                                   Seattle WA 98103
   Page 2                                             (206) 623-4382